## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TYRONE CAROLINA** | : | |
| | : | **PRISONER** |
| v. | : | Case No. 3:12cv162 (VLB) |
| | : | |
| **RIKEL LIGHTNER, ET AL.** | : | **July 27, 2012** |

### RULING AND ORDER

The plaintiff, Tyrone Carolina, is an inmate currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut. He has filed a civil rights action *pro se* pursuant to 28 U.S.C. § 1915 against a medical supervisor, health services administrator and a physician at Northern Correctional Institution, a medical supervisor at MacDougall Correctional Institution and a nurse at the University of Connecticut Health Center. He alleges that he suffers from an enlarged heart and requires surgery or a heart transplant. He claims that from May to November 2011, he sought medical treatment for his heart condition from the defendants, but the defendants chose to treat the condition with medication instead of surgery. The plaintiff seeks monetary damages.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of plaintiff's application to proceed *in forma pauperis* in this case.  The plaintiff previously has had three cases or appeals dismissed as frivolous prior to filing this action.  *See, e.g., Carolina v. Kraus*, 3:96cv892(PCD) (complaint dismissed 1/14/97); *Carolina v. Sweets*, 3:96cv2504(GLG) (complaint dismissed 5/13/97); *Carolina v. Murray*,  3:96cv1802(AHN) (complaint dismissed 5/27/97).

Because the three strikes provision applies in this case, the plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."    *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  To proceed without prepayment of the filing fee, the plaintiff must meet two requirements.  He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury.  *See id.* at 296-97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296.

The plaintiff claims that in 2005, a physician diagnosed him as suffering from an enlarged heart and that the condition required surgery or a heart

transplant.   In mid-January 2012, however, Nurse Quijano sent a letter to the plaintiff indicating that the director of the Correctional Managed Health Care had reviewed his medical file and noted that a recent chest x-ray revealed that his heart was a normal size.  In addition, all electrocardiograms performed on the plaintiff's heart have been normal.  Thus, the medical director determined that the plaintiff did not suffer from an enlarged heart.   *See* Compl. at 23.

Although the plaintiff's medical records reflected that the plaintiff had suffered from an enlarged heart in the past, this condition was due to the plaintiff's failure to take his blood pressure medication causing his blood pressure to rise to a dangerously high level.  Nurse Quijano noted that if the plaintiff took his blood pressure medications regularly, his blood pressure should remain under control and he would be able to maintain his cardiac function.   The plaintiff has asserted no facts to suggest that he is not taking his blood pressure medications at the time he filed this action in early February 2012.   The plaintiff has not demonstrated that he was facing imminent serious physical injury or harm at the time he filed the complaint.

## Conclusion

The Order [Doc. No. 6] granting the plaintiff's Application to Proceed *In Forma Pauperis* is VACATED.  The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff.  No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form.   The plaintiff's

Application to Proceed *In Forma Pauperis*  [Doc. No. 2] is DENIED.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery of the filing fee in the amount of $350.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604.  Failure to tender the filing fee within twenty (20) days from the date of this Order will result in the dismissal of this action.

SO ORDERED this 27th day of July 2012, at Hartford, Connecticut.

/s/
_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE